And are you still Southwestern Law students? Yes. Okay, great. Thank you. Good morning, Your Honors, and may it please the Court. Piper Hinson, certified law student under the supervision of Andrew Knapp and the Southwestern Law School Appellate Litigation Clinic, on behalf of Petitioner Mr. Cesar Posada Martinez, for a pro bono appointment. Today, Your Honors, I will focus on the issues of removability and corroboration. I will monitor my time and save approximately seven minutes of my time for rebuttal from my colleague Aria Beyzaie. Your Honors, we ask this Court to remand with instructions to the BIA to terminate the proceedings or the alternative to remand on the other briefed issues. To start, Mr. Posada contests whether the government has met its burden in proving that he was convicted of possession of a federally controlled substance, but assuming that they did, he's entitled FFOA treatment. Second, the IJ found Mr. Posada removable only by a concession, not in the record, and in lieu of that, a docket sheet is an insufficient Shepard document in a California felony case. Third, the BIA assumed credibility and failed to provide Mr. Posada with notice and opportunity to either produce the evidence or explain why it's unavailable before ruling that he had failed his obligation to provide corroborative evidence. Ms. Hinson, could you walk us through your view of the FFOA claim and how it applies here? So, just taking a look at the statute, it provides for prejudgment probation. We've got a couple of overlapping convictions and probation or probation-like periods. So, when was Mr. Posada found guilty for purposes of falling under the FFOA-like relief we've provided under the Equal Protection Clause during this period? Sure. He pled guilty on 11-09-04, and that's the date that is relevant. But as you mentioned, there are maybe a couple convictions, but the only relevant conviction is the 11-350. Anything else is alleged and the government did not rely on them, so they would be out of the scope. So, what was the relevant probation term then that Mr. Posada received for that finding of guilty in 2004? So, he ended up receiving an expungement. So, he was convicted, he was first given diversion under CPC-1000. An expungement or dismissal? Expungement under 1203.4. That was much later on? Yes. Okay. And that's what we would look to for FFOA. Lujan has extended the FFOA from state rehabilitative to basically assuming the question of how would it work out in federal court. So, if Mr. Posada had been tried in federal court, he would have satisfied everything required under 18 U.S.C. Section 3607A. And all the FFOA requirements is as listed. It is the prior commission of an offense that he's been convicted of a controlled substance offense and has not previously been accorded FFOA. Why is it not the probation that he received upon the finding of guilty in November of 2004? So, the probation it's based on his relief received. And as this court wrote in Laura Garcia, there are things to consider and the relief is what we focus on, not the attempted relief. And Mr. Posada received relief under 1203.4 under the mandatory expungement provision. So, he was given one day of probation and he satisfied that. So, he does satisfy for FFOA treatment. The government has tried to convolute the CPC-1000. But as Laura Garcia clarified, it's not about the string of things that happened before. It's about received relief. And Mr. Posada received relief. Received relief after the prosecution, after the judgment? After his conviction. So, how does that square with the fact that the FFOA governs pre-judgment probation? So, his probation for one day in 2006 was post because he was convicted of the possession offense in November of 2005. So, that's how it would play out in federal court. The statute on FFOA says that at the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering judgment, dismiss the proceedings against him. So, that is exactly how it would play out in federal court. 1203.4 is sort of... But the only probation he successfully fulfilled was in 2006, which was after his judgment of conviction. And the only probation that he received or probation-like process that he received before judgment is the deferral of entry of judgment that he violated. The court would not look at the pre-conviction diversion. That's not part of the analysis. Then how can we look at a post-judgment probation under a statute that it's about pre-judgment probation? Well, it's about... The statute actually specifically says special probation and expungement procedures for drug possession. That's the title of the statute. So, it does include expungements after a conviction. And in fact, for FFOA treatment, you would have to have a conviction in order to receive this FFOA treatment. Well, it says that the court may... So, the federal analogy is the court may, with consent of such a person, place him on probation for a term of not more than one year without entering a judgment of conviction. Here, the court had entered a judgment of conviction and gave him a post-judgment probation. What am I missing in terms of how this doesn't line up? Well, the diversion program, it's pre-conviction and FFOA treatment occurs after a conviction. The statute says the court shall, without entering judgment of conviction, dismiss the proceedings. But if you don't have probation from a conviction, you can't receive FFOA treatment. So, anything occurring before would not fall into FFOA. But Mr. Posada did fall into FFOA because his 1203.4 expungement was mandatory under the state court. And he satisfied his probation. So, he mapped on perfectly to the FFOA treatment. I have a question also about the November 2004 plea. There appears to be a docket entry at AR 909. There's a docket entry stating that the court found there was a factual basis for plea and it looks like it might have been stricken. Is that accurate? And if so, does it have any significance? Well, there are two things to respond to that. If there was any sort of plea that had been expunged later on, Reyes-Torres says that any sort of, it talks about concession, but that would negate it. So, anything that had been on the record for an alleged crime that has later been expunged is sort of null. It's no longer valid. But at the record, the docket sheet is not going to be sufficient. So, whatever is said in there would be insufficient to prove that he was convicted of a possession of a federal agency. So, I guess what I'm trying to get at, is that part of the expungement process that that is stricken, the earlier factual basis for the plea, is that why it would be stricken? Well, yes, Your Honor, because an expungement is an erasure of a conviction. So, if there has been a conviction and it's expunged, it's only in paperwork as far as this happened in the existence of time, but it has no legal bearing because it has been an erasure of the conviction. Your Honors, I see my time is nearing. I'd like to reserve the rest of my time for my colleague. Thank you, counsel. Good morning, Your Honors. May it please the Court, Andrea Jebus on behalf of the Attorney General. This Court should deny the instant petition for review because petitioner is and did not meet his burden of showing eligibility for cancellation of removability. Now, discussing removability, it is the government's burden, but the government would like to preserve its argument that petitioner did not meaningfully challenge this before the Board. And if this Court would find that it did challenge, unfortunately, the documents say that there was a concessions not in the record. However, there are seven instances where the immigration judge discussed the concession and nothing was mentioned by petitioner's counsel through three different attorneys, not one of them challenged or mentioned. It troubles me that there's no record. Why is that? I know, Your Honor. I wish that one single document was in there. It would make it such an easier case. Well, it is very troubling. Any explanation for that? I wish I knew, Your Honor. I don't know if it was just something. It was a written pleading that just didn't make it into the record, but unfortunately, no, it is not in the record. However, like I said, there are seven instances where the immigration judge discusses concessions. But we wouldn't reach that if we agree that there was no argument to the BIA. Correct. We don't even have to get there, Your Honor. It's as simple as that. If you, if this Court were to find that there was no argument, petitioner failed to exhaust his challenge and therefore, removability would not be on. Could you just go to the FFOA discussion we're having? So what is your view of exactly how the statute maps on to the proceedings at issue? Okay, so FFOA is a benefit that was given for first-time drug possession offenses that for petitioners who did not previously receive FFOA and the court could place them on probation for a year without entering judgment and then dismiss the charges if the petitioner had not violated probation. Petitioner violated probation here. Petitioner wants to use the word his expungement and say that that wasn't probation. However, this Court has already discussed in the Contreras case that deferred entry of judgment is similar as a probation violation and not that it matters, Your Honor, but the probation violation and again, FFOA is just for simple drug possession. The probation violation here, excuse me, let me just find my document. Well, it was sale of methamphetamine. Yes, exactly. Oh, excuse me, Your Honor. But that would, that would, why would that be disqualifying if the conviction of that came after the commission of the underlying offense? Because it's a probation violation. He was on probation during that time. He didn't, his probation was for 18 months. I think less than a year before, after his original arrest, he's violated his probation. Why don't we count, do you understand your friends on the other side to be saying that the operative probation is the one-day probation that occurred in 2006 that he successfully completed? No, it's the 18 months that he was put on probation for his deferred entry of judgment. That was the probation period. Counsel, you rely on Contreras, which I think is a memorandum disposition. It is, Your Honor, unfortunately. Is there any binding precedent on this topic from this circuit? Estrada. Estrada is the case that best discusses exactly what happened here. It does not, like I said, it's the probation of the 18 months. So the fact that he, within a year later, is now arrested. You're equating with, you're equating the program that he was under, which I understood was a diversionary program under California state law, with probation. And I don't think that we've ever equated the two of them in a published decision. As I mentioned, Contreras Negrete is the one that mentions it. It is unpublished, but it does say. It's not precedential. That's my point. As we don't, and I think that was Judge Graber's point too. We've never, our precedent does not hold that those two things are coextensive. No, there's nothing precedent. However, Your Honor, looking at this in the big picture, if you were to allow someone like this who, you're essentially allowing them to have bites at the apple. So he got one bite at the apple. Counsel, let me just clarify something. I want to be sure I'm looking at the right sections of the penal code. Penal code section 1000 is true pretrial diversion. Yes. Did that happen here? That was his original. That was what he was originally given was CPC 1000, the pretrial diversion. So in my mind, that is not relevant because it never results in a prosecution if it's successful. So then is there, there's another thing that happened, I guess, which is under penal code section 1000.9. Is that right? Well, I think 1304, Your Honor, is the second one. I'm sorry, which, what are you looking at for 1000.9? The deferred entry of judgment. Is that it or not it? No, I believe the deferred entry of judgment was under 1000. And then the 1234 was what the second. It was grounded probation under 1203.4, which he complied with and the sentence was dismissed, just like in Estrada. Okay, so the only things that happened, I just don't understand California law. Sorry about that. So he had pretrial diversion and that was unsuccessful. Correct. So then he gets a judgment of conviction with a probationary term, which he completes successfully, resulting in expungement. Correct, under 1203.4. Okay, so. Which was just like the petitioner Estrada, which is why I said Estrada would be our closest precedential decision. So under that reading. It's not precedential. You should keep saying that. No, no, Estrada is, I'm sorry. Where in Estrada should we be looking for the controlling? Estrada is 560F3rd at, I'd say 1041 is the page of importance. Okay, so to pick up on Judge Graber's questions, when for purposes of the FOA was the petitioner found guilty of the offense? In November of 2004 or in 2006? Found guilty would be when he violated his probation. That would be the date of importance here. November 2005 was when he was convicted. Yes. The cocaine charge. Yes. So if they were found guilty. Wait, I'm sorry, could you repeat that? I think I may have misled you. We have a lot of cases here. I'm just trying to read what Congress wrote. Right. So this is a pre-judgment probation. So what I'm looking for is, before we can even map it on, it has to be pre-judgment. Right. And it says whatever the probation, whatever we're going to call probation is pre-judgment. If a person found guilty of an offense, so when was Posada found guilty? Under, for purposes of the FFOA. Okay, that would be November 2005 when he violated his probation. And I think a big point to make is this is all, it's not really what happened at the state level. FFOA is taking what happened to petitioner and putting it in the federal. Okay. Okay. But just stay with me because we're trying to figure out what, first we have to figure out what Congress meant and then we can figure out what California did. Okay. Then the, so in November, that was after the violation of the probation. So if the petitioner was found guilty in November upon the violation of whatever we call the thing that he violated that happened before is, it doesn't look like the language of the final paragraph of 3607A. It says, if a person is found guilty, the court may, and I'd say assume like after the person has been found guilty, if that's November, then the court may place him on probation for a term. So that would seem to suggest that whatever happened before was not the FFOA probation. The only way the FFOA probation could key off of the diversion program would be if the November 2004 was the finding of guilty. No? What am I missing about the statute? Well, I think what you're missing is if you follow, it says if the person violates a condition of his probation, the court may. Right, but that's after the court has placed him on probation and that's after he has been found guilty. And so if he's been found guilty in November of 2005, we can't count the probation that was imposed or whatever it was in 2004. But do you see the second part where it says, but the court may not dismiss or expunge the conviction, which is what? Well, but again, that's after the person's been found guilty and that's what I wanted to ask you about Estrada because in Estrada, as I recall it, the person was actually convicted and it was after that that there were probation violations. So that's not our case. I'm looking at page 1041. Estrada was convicted in 2001, was placed on probation for three years, and the state court twice found that he violated the terms of his probation. So that all happened after conviction. And I think that is what Judge Johnstone's questions are geared toward also. It appears that the FFOA relates only to true probation after a person is found guilty. That's just what the words say. But I mean, not so fast yet, because then the beginning of the section starts with pre-judgment probation. Is the conviction not a judgment? And so that might be the probation after he's been found guilty. But when's the judgment then? So we've keyed in now on November 2005, found guilty. But is that not also the judgment? Yes, because then it to the date that, because he was placed on probation, you have to jump back because he violated his probation, that original date would then be the date of conviction. So, but then there would be, but then the 2006 probation would not be pre-judgment? The one-day probation after. It almost kicks, I think that probation violation would then render the original date and set that as the date of conviction. Is that what you're... Yeah, I guess I'm troubled because we have, I'm trying to identify what is the probation-like process for our purposes that occurs after a person has been found guilty and thereafter has been placed on probation, but is also pre-judgment in this case. And I'm not seeing where that is. I think what my understanding is when he violated his probation, that original date, because he was placed on deferred entry of judgment for 18 months, he violated that. So then the original date of November 2004 would be the date of conviction. Oh, what bothers me about how you're, I think you're misinterpreting the California statute because this is a diversionary program. So he pleads guilty, but there's no entry of judgment. If he successfully completes the diversionary program, then there's no entry of judgment. So he's not a judged guilty. Yes, but the minute that he violated, excuse me, Your Honor, I didn't mean to interrupt. Okay. Okay. But right. But so he violated it. Then he's a judged guilty. Then he's on, he's on probation. Is that how, you're going to have to explain how 1,000 works. Because my understanding was that it's a true, like, I mean, I've never been a state court judge, but I've been a federal court judge and I understand, I'm a district court judge and I understand enter the judgment. But when you violate the probation, the government's understanding is then you would enter the original judgment. Because you didn't, you're giving. There's no original judgment. The person is not prosecuted essentially if they complete the diversion. But he didn't complete the diversion. No, but then after that, he's found guilty. Not before that. There's, where do you find in, in any of the California statutes or case law, something that says that you backdate the finding of guilt? I'm just looking at the docket here on ER 911 and what happened in November 2005, deferred entry of judgment terminated for count one and criminal proceedings reinstated. Count one disposition convicted. Is that a judgment? Is it? I guess, yes. That finding is looking back to something else. He got convicted the date of, yes, the got convicted the date of when he violated his probation. And in, in, in June 2006, when we the probation, the one day probation, that is an imposition of sentence suspended. Defendant placed on formal probation. But the imposition of sentence would have happened, would that be after, is that consistent with the November 2005 being a judgment? It appears so. I don't, I mean, I, does, does the title of the, is the title of the section something that we're supposed to pay attention to? The title of what section? Well, where it says, we've been talking about the, this question under FFOA of pre-judgment where it says pre-judgment probation. Ordinarily, the main title of the section doesn't have legal significance. And what I'm asking, truly asking, I don't know the answer to this. In section A, is pre-judgment probation part of the substance of the section that we have to try to sort out? You could look at it that way, but then also when you read the actual statute, it talks about violating a condition of the probation. So it could be. But it's all, but it's after the person's found guilty, which didn't happen until 2005. Right. Yes. Okay. My time is up, Your Honors, but I just, we have no more questions on anything else. No, we don't. Thank you. Thank you. Thank you, counsel. All right. Is it Mr. Bezaie? Good morning, Your Honors, and may it please the court. Aria Bezaie, certified law student under the supervision of Andrew Knapp and the Southwestern Law School Appellate Litigation Clinic. On behalf of the petitioner, Mr. Posada. Your Honors, I have a few points on rebuttal. First, to address the FFOA issue, the government's reliance on Estrada and this discussion that somehow the analysis focuses on the similarities between probation and diversion misses the point altogether. As Your Honor stated in Laura Garcia versus Garland, the relevant inquiry is if, whether the, in clarifying Lujan Armendariz, whether the, how the defendant would have received relief had they been prosecuted in federal court, and then later determining whether that, whatever state expungement scheme applied, would also have qualified for relief in the federal context. Now, Your Honors, as this panel recognized, the fact that Mr. Posada previously violated his diversion is irrelevant. And the reason why it's irrelevant is because in federal court, a prior violation of diversion or any sort of rehabilitative scheme attempted for simple first, attempted for the same first time simple possession drug charge does not disqualify a defendant from receiving FFOA treatment. We can compare this case to United States versus Durris in the Eastern District of Pennsylvania, a district court case where the court there found that even though a state, one of the defendants had violated their condition of diversion, they still nonetheless could have qualified for FFOA. Mr. Mazai, how do we, what do we do with the fact, I agree with Judge Graber that the section title is an interesting statutory interpretation question, but the paragraph below several times refers to eligibility as turning on the court, acting without entering a judgment of conviction. So the court here, at least your friend on the other side argues that we have the entry of a judgment of conviction in November of 2005. And so how does this apply? How do you get around the fact that this, whatever the status of what happened before or whatever happened after is, it does not satisfy the text of the FFOA that says without entering a judgment of conviction? Or do you disagree that the court entered a judgment of conviction in November 2005? No, your honor, the court did enter the judgment of conviction in 2005, but the relevant inquiry for determining whether a state court defendant expunged, who received expungement under California Penal Code Section 1203.4, as discussed by this court in Lujan Armendariz versus INS and Laura Garcia versus Garland, is after they received that, once they have received that probation and once they have satisfied and received expungement, would that also have qualified a defendant? So does that turn on your Loper-Bright argument then that the expungement, um, that that's only not a conviction if, um, if we read the expunge conviction as not to be a conviction at all? Not necessarily, your honor. The FFOA provides an independent basis for providing Mr. Posada relief because Mr. Posada did not violate any terms of his probation after he was convicted in 2005. But why is that a probation that the FFOA contemplates in this paragraph? Um, everything that it says is the court may place him on probation, the probation that it's talking about, any time before the expiration of the term of probation. It is all without entering a judgment of conviction. Uh, your honor, because ultimately the way that FFOA operates in federal court is that it looks to see whether the defendant successfully completed their probation without any sort of violation. And similarly here, but it has to be pre-judgment probation. It has to be without a judgment of conviction. And the, and the probation you're referring to, do you disagree? The probation you're referring to, there's at least two intervening court decisions, either one of which could have been a conviction. That one day probation is after the court has entered a judgment of conviction. At the time, viewing it at the time of prosecution. At the time of prosecution, but your honor, the relevant inquiry here is looking forward from that time of conviction, whether the defendant then violated that term of probation. It's ultimately about the relief that is received. The government's reliance on a strata and suggestion that this can be backdated or somehow that we are looking to see the similarities between the two programs is inappropriate here. Because in a strata, this court made a very narrow finding that under California Penal Code section 1203.4, which provides for either automatic expungement after successful completion of probation without any violation or provides for discretionary relief after a violation of probation. This court in discretionary relief after a violation of probation does not map onto the FFOA. And the reason for that is clear, your honors, because the FFOA only allows for expungement after successful completion of probation without any violation, which is exactly what Mr. Posada here has satisfied. Wasn't that the situation also in Lujan Armendariz? The petitioner there, I think, was convicted, formally convicted, and then the conviction was expunged, was vacated. A formal judgment of conviction was entered after a finding of guilt but was erased after he served probation. So isn't that exactly the situation in Lujan? I believe so, your honor, and that's to what has happened here. And again, as Laura Garcia clarified, the key question is what would have happened had the defendant been prosecuted in federal court? And had Mr. Posada been prosecuted in federal court, he would have received, he would have qualified for FFOA treatment. I see my time has expired, your honors. Are there any further questions? No. All right, thank you. Thank you much, counsel. I want to thank the Southwestern Law School Clinic for an excellent argument today and for taking this on pro bono, and thank you both. Thank you both, counsel. Thank you. Oh, well, thank you very much. That's wonderful. Thank you all for being here for your support. All right, Posada versus Bondi shall be submitted.
judges: GRABER, WARDLAW, JOHNSTONE